Gail C. Lin, Cal St. Bar. No. 212334
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: gl@outtengolden.com

Jack A. Raisner[1]
René S. Roupinian[2]
Robert N. Fisher, Cal St. Bar. No. 302919
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com
Email: rfisher@outtengolden.com

*Attorneys for Plaintiffs Joshua James Eaton Philips and Christina Brooks, on behalf of themselves and all others similarly situated*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| In re:<br><br>MUNCHERY, INC.,<br><br>    Debtor. | Bankr. Case No.: 19-30232 (HLB)<br><br>Chapter 11 |
| JOSHUA JAMES EATON PHILIPS and CHRISTINA BROOKS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>v.<br><br>MUNCHERY, INC.,<br><br>    Defendant. | ADV. CASE NO. _____<br><br>**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, 29 U.S.C. §§ 2101 – 2109 AND CALIFORNIA LABOR CODE §§ 1400 ET SEQ.]** |

---

[1] and [2] Not admitted to the Bar of the U.S. Bankruptcy Court N.D. Calif. Applications for admission *pro hac vice* to be filed.

Plaintiffs Joshua James Eaton Philips and Christina Brooks ("Plaintiffs") allege on their own behalf and the putative class of those similarly situated as follows:

**NATURE OF THE ACTION**

1. Until its sudden demise on January 21, 2019, Defendant operated an online food delivery service based in San Francisco. Plaintiffs worked for Defendant until January 21, 2019, when Defendant abruptly ceased operations. Plaintiffs, along with an estimated 250 other employees, were terminated without any written notice.

2. On or about January 25, 2019, Plaintiff Joshua Philips filed a class action complaint in the United States District Court for the Northern District of California, San Francisco, styled *Joshua James Eaton Philips, on behalf of himself and all others similarly situated v. Munchery, Inc.* (Case No. 3:19-cv:00469 (JSC)). On February 11, 2019, Mr. Philips filed a First Amended Class Action Complaint to add Christina Brooks as a named plaintiff.

3. On or about February 28, 2019, Defendant filed for Chapter 11 bankruptcy in this Court.

4. Plaintiffs bring this action on behalf of themselves and the proposed class of similarly situated employees who worked for Defendant and who were terminated without cause in the mass layoff or plant closing ordered by Defendant on or about January 21, 2019 and within thirty (30) days of that date, and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and California Labor Code ("Lab. Code") § 1400 *et. seq.* ("Cal-WARN Act") (together, the "WARN Acts").

5. Defendant violated the WARN Acts by failing to give Plaintiffs and other similarly situated employees of the Defendant at least 60 days' advance notice of their terminations. As a consequence, Plaintiffs and other similarly situated employees of Defendant are entitled under the

WARN Act to recover from the Defendant 60 days' wages and ERISA benefits, none of which has been paid.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

7. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## THE PARTIES

### *Plaintiffs*

8. Plaintiff Joshua James Eaton Philips was employed by Defendant and worked at, reported to, or received assignments from the Defendant's facility located at 200 Shaw Road, South San Francisco 94080 (the "Facility") until his termination on or about January 21, 2019.

9. Plaintiff Christina Brooks was employed by Defendant and worked at, reported to, or received assignments from the Facility until her termination on or about January 21, 2019.

10. Plaintiffs were both terminated without cause.

11. Plaintiffs were both terminated without 60 days' written notice.

12. On information and belief, the proposed class of approximately 250 employees worked at, reported to, or received assignments from the Facility and were also terminated by Defendant on or about January 21, 2019 without cause and without 60 days' written notice.

### *Defendant*

13. Upon information and belief and at all relevant times, Defendant is a Delaware corporation with headquarters located at 220 Shaw Road, South San Francisco, California 94080.

## CLASS ACTION ALLEGATIONS
## PURSUANT TO 29 U.S.C. § 2104 AND CALIFORNIA LABOR CODE § 1404

14. Plaintiffs and each person they seek to represent herein, were discharged beginning on or about January 21, 2019 by Defendant without cause on his or her part and are

"affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

15. Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated beginning on or about January 21, 2019 who worked at, reported to, or received assignments from the Facility until their terminations.

16. On or about January 21, 2019, Defendant ordered the termination of Plaintiffs' employment as part of a mass layoff or plant closing which qualifies as an event for which she was entitled to receive to sixty (60) days' advance written notice under the WARN Act.

17. At or about the time that Plaintiffs were discharged, Defendant ordered the terminations of approximately 250 other employees (the "Other Similarly Situated Former Employees") who worked at, reported to, or received assignments from the Facility.

18. Pursuant to the WARN Act, Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for their own benefit.

19. Each of the Other Similarly Situated Former Employees are similarly situated to Plaintiffs in respect to his or her rights under the WARN Act.

20. Plaintiffs and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

21. Defendant was required by the WARN Act to give Plaintiffs and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

22. Prior to the ordering of their terminations, neither Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

23. Defendant failed to pay Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make the

401(k) contributions and provide health insurance coverage and other employee benefits under ERISA with respect to them for sixty (60) days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS-- RULE 7023 (a) and (b)**

24. Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

25. Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

26. Common questions of law and fact are applicable to all members of the Class.

27. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendant who, prior to the terminations, worked at, reported to, or received assignments from the Facility; Defendant terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendant failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

28. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

29. Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above, Plaintiffs are or were each an injured party.

30. Plaintiffs will fairly and adequately protect and represent the interests of the Class.

31. Plaintiffs have the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

32. The Class is so numerous as to render joinder of all members impracticable as there are approximately 250 persons who are included in the Class.

33. The Class meets the requirements of Fed. R. Civ. P. 23(a) for Class certification.

34. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

36. No litigation concerning the WARN Act rights of any Class member has been commenced by any other employees than Plaintiffs.

37. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

38. On information and belief, the identity of the Class members is contained in the books and records of Defendant.

39. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendant.

40. On information and belief, the rate of pay and benefits that was being paid by Defendant to each Class member at the time of his/her termination is contained in the books and records of Defendant.

41. As a result of Defendant's violation of the WARN Act, Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost

wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## FIRST CAUSE OF ACTION
## VIOLATION OF FEDERAL WARN ACT, U.S.C. § 2101 *et seq.*

42. Plaintiffs bring this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.* on their own behalf and on behalf of the putative class, *i.e.*, all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure Rule 23(a) and (b), who worked at, reported to, or received assignments from the Facility and were terminated without cause beginning on or about January 21, 2019 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at that time, pursuant to Fed. R. Civ. P. 23(a) and (b)( (the "WARN Class").

43. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

44. The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendant.

45. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records, including electronic records, of the Defendant.

46. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendant who worked at or reported to Defendant's Facility;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

47. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at, reported to, or received assignments from Defendant's Facility and were terminated without cause beginning on or about January 21, 2019, or within 30 days of that date, due to the mass layoffs and/or plant closings ordered by Defendant.

48. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

49. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

50. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that

Case: 19-03007    Doc# 1    Filed: 03/05/19    Entered: 03/05/19 15:46:04    Page 8 of 13

might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

51. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALFORNIA LABOR CODE § 1400 *et. seq.*

52. Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

53. Plaintiffs bring the Second Claim for Relief for violation of Cal. Lab. Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Cal. Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facility and were terminated without cause on or about January 21, 2019 and thereafter (the "CAL-WARN Class").

54. Pursuant to Lab. Code § 1400(b), "'[e]mployer' means any person . . . who directly or indirectly owns and operates a covered establishment. A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary." Upon information and belief, Defendant is the employer of the Cal-WARN Class as that term is defined by Cal. Lab. Code § 1400(b) because they directly or indirectly owned and operated at least one covered establishment.

55.     Defendant violated Cal-WARN by terminating Plaintiffs' employment and the employment of other similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Cal. Lab. Code § 1400 on or about January 21, 2019 or thereafter, without giving written notice at least 60 days before the order took effect to: (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

56.     As a result of Defendant's violation of Cal. Lab. Code § 1401, Plaintiffs and the other similarly situated employees are entitled to 60 days of back pay under Cal. Lab. Code § 1402(a-b).

57.     Plaintiffs have incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Cal. Lab. Code § 1404.

## THE CLAIM FOR RELIEF

58.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

59.     At all relevant times, the Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1), 20 C.F.R. § 639(a) and Cal. Lab. Code § 1400(b) and continued to operate as a business until it determined to order a mass layoff at the Facility.

60.     On or about January 21, 2019, Defendant ordered a "mass layoff," as that term is defined by 29 U.S.C. § 2101(a)(1) and Cal. Lab. Code § 1400(d) at the Facility, which was a "covered establishment" as defined by Cal. Lab. Code § 1400(a).

61. The mass layoffs at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

62. Plaintiffs and each of the other members of the Class were discharged by the Defendant without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoffs ordered by Defendant at the Facility.

63. Plaintiffs and each of the other members of the Class are "affected employees" of Defendant within the meaning of 29 U.S.C. § 2101(a)(5).

64. Defendant was required by the WARN Act to give Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

65. Defendant failed to give Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

66. Plaintiffs and each of the other members of the Class is an "aggrieved employee" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

67. Defendant failed to pay Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

68. The relief sought in this proceeding is equitable in nature.

WHEREFORE, Plaintiffs on their own behalf and on behalf of the other Class members demand judgment against Defendant as follows:

A. An allowed wage priority claim for up to $12,850 of the federal and California

WARN Act claims of Plaintiffs and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A) and Cal. Lab. Code §§ 1400 *et seq.*;

    B.    Certification that Plaintiffs and the other Class members constitute a single class;

    C.    Appointment of Plaintiffs' counsel as Class Counsel;

    D.    Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

    E.    Reasonable attorneys' fees and the costs and disbursements that Plaintiffs will incur in prosecuting this action, as authorized by the WARN Act; and

    F.    Such other and further relief as this Court may deem just and proper.

DATED: March 5, 2019          Respectfully submitted,

/s/ Gail C. Lin
Gail C. Lin, Cal St. Bar. No. 212334
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: gl@outtengolden.com

Jack A. Raisner[2]
René S. Roupinian[2]
Robert N. Fisher, Cal St. Bar. No. 302919
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

---

[2 and 2] Not admitted to the Bar of the U.S. District Court N.D. Calif. Applications for admission *pro hac vice* to be filed.

Email: rfisher@outtengolden.com

*Attorneys for Plaintiffs and the other similarly situated former employees*