Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Debtor
Munchery, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MUNCHERY, INC.,<br><br>    Debtor and Debtor-in-Possession. | Case No. 19-30232-HLB<br><br>Chapter 11 |
| JOSHUA JAMES EATON PHILIPS and CHRISTINA BOOKS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>Munchery, Inc.<br><br>    Defendant. | Adv. Proc. No. 19-3007<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**[1]<br><br>Hearing:<br>Date:  May 30, 2019<br>Time:  2:00 p.m.<br>Place:  450 Golden Gate Ave., 16th Floor<br>            San Francisco, CA 94102 |

///

///

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "ECF" references are to the docket in the above-captioned proceeding.

REPLY IN SUPPORT OF MOTION TO DISMISS                                                                                          1

**INTRODUCTION:**

Munchery, Inc. ("Munchery") filed its Motion to Dismiss (the "Motion"), asserting that Plaintiffs could not pursue a class action lawsuit in the Bankruptcy Court. Munchery argued, among other things, that an adversary proceeding was not an appropriate method to assert a pre-petition claim, which claims should properly be asserted through the normal claims process. Munchery also argued that Plaintiffs failed to seek the proper procedure for seeking class relief. Plaintiffs timely filed their opposition (the "Opposition"). The Opposition cited numerous cases, most outside of the Ninth Circuit, in which Plaintiffs' counsel had successfully brought class action claims in bankruptcy cases. Presumably the list was intended to indicate that other courts recognized the propriety of class action litigation in bankruptcy courts and this Court should do so as well. Without a discussion about the differences in applicable case law (not to mention controlling case law) or the facts of the cases cited, the list is irrelevant. The Opposition also asserted that the class action claims were equitable in nature and thus properly brought under Bankruptcy Rule 7001(7). Finally, the Opposition argued that irrespective of Bankruptcy Rule 7001(7), that class actions were recognized under Bankruptcy Rule 7023 and were preferred over the normal claims process.

Munchery now files this Reply in Support of Motion to Dismiss (the "Reply"). [2]

**I. IN THE NINTH CIRCUIT, WARN ACT CLAIMS ARE NOT PROPERLY LITIGATED WITHIN AN ADVERSARY PROCEEDING**

Plaintiffs argue that their complaint is equitable in nature and as such is a proper subject for an adversary proceeding pursuant to Bankruptcy Rule 7001(7), which allows adversary proceedings "to obtain an injunction or other equitable relief." Plaintiffs are mistaken. In the Ninth Circuit, remedies sought pursuant to the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. §§ 2101–2019, are considered compensatory in nature. *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1159

---

[2] Munchery had the benefit of receiving the Court's tentative ruling prior to filing this reply. Munchery's agreement with the much of the analysis in the tentative ruling contributes to the succinct nature of this Reply.

REPLY IN SUPPORT OF MOTION TO DISMISS 2

(9th Cir. 2000); *Braden v. LSI Logic Corp.*, 340 F. Supp. 2d 1066, 1072 (N.D. Cal. 2004). Because the damages are compensatory, the remedy is considered legal rather than equitable. *See Carlberg v. Guam Indus. Servs.*, No. 1:14-cv-00002, ECF 220 at 15–20, 2017 U.S. Dist. LEXIS 164619, 2017 WL 4381667 (D. Guam Sept. 30, 2017). Moreover, here, Plaintiffs assert claims for wage compensation for the periods proscribed in the WARN Act. As the company is no longer operating, there is no basis for injunctive relief that might otherwise qualify the claim as equitable in nature. Accordingly, the Plaintiffs' WARN Act claims cannot be properly litigated by way of adversary proceeding pursuant to Bankruptcy Rule 7001(7).[3]

Nor does Bankruptcy Rule 7001(1), which allows proceedings "to recover money or property," provide a basis for the Plaintiffs to assert their claims via an adversary proceeding. The Plaintiffs' claims arose prepetition, and Bankruptcy Rule 7001(1) does not generally include the right to seek a judgment for a prepetition claim. *Penney v. Sears, Roebuck and Co. (In re Penney)*, 76 B.R. 160, 161–62 (Bankr. N.D. Cal. 1987). The case law cited by Munchery in its opening brief also establish this rule and Plaintiffs' opposition does not adequately distinguish those cases.

Instead, the proper vehicle to assert a prepetition claim against a debtor is to file a proof of claim. *See Maxwell Real Estate Inv., LLC v. Liberty Asset Mgmt. Corp. (In re Liberty Asset Mgmt. Corp.)*, No. 2:16-BK-13575-TD, 2017 Bankr. LEXIS 758, 2017 WL 1100586 (B.A.P. 9th Cir. Mar. 21, 2017); *see also* 10 Collier on Bankruptcy ¶ 7001.02 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) ("an adversary proceeding may not be used as a substitute for a proof of claim").

///
///
///
///

---

[3] This reasoning is equally applicable to the Plaintiff's claims brought pursuant to California's analogous provisions at California Labor Code §§ 1400 *et seq.* (the "Cal-WARN Act").

REPLY IN SUPPORT OF MOTION TO DISMISS 3

## II. MUNCHERY'S SUGGESTS THAT IF THE COURT DOES NOT DISMISS THE IT SHOULD STAY THE LITIGATION

In its motion, Munchery suggested that if the Court were not inclined to dismiss the case, it could stay the matter. Munchery argued that failure to stay the matter would allow the Plaintiffs to get the jump on other creditors. Plaintiffs and the Court misunderstood this comment and Munchery takes this opportunity to clarify it. Munchery's point of comparison was the current litigation of the class action lawsuit as compared to waiting until after the claims bar date, when debtors typically determine whether any filed claims are subject to objection. Such a stay would provide the Court and parties additional information (for example whether more employees file claims - in addition to the two who have already done so) to evaluate the appropriateness of the class action mechanism vis-à-vis the more typical claims process.

The Court's tentative ruling granted the Motion, finding an adversary proceeding under Bankruptcy Rule 7001(1) to be an inappropriate mechanism for asserting pre-petition claims. The Court, however, then granted relief from stay on its own motion, directing the parties return to litigate the matter in U.S. District Court through the pre-petition lawsuit. Munchery recognizes the Court's ability to *sua sponte* lift the automatic stay to allow the District Court Action to proceed. *See Swift v. Belluci (In re Belluci)*, 119 B.R. 763, 778–79 (Bankr. E.D. Cal. 1990). The outcome seems counterintuitive in the sense that Plaintiffs chose to pursue class clams in Bankruptcy Court and did not seek relief from stay to return to their pre-petition litigation. Having made the affirmative choice of proceeding in Bankruptcy Court, there should be consequences to that decision.

**CONCLUSION**

For the reasons stated above, Munchery requests that the Court enter an order (1) granting Munchery's Motion to Dismiss, (2) dismissing the Complaint without leave to amend; or (3) staying the litigation [or keeping the automatic stay in place] at least until the claims bar date passes to then re-evaluate the necessity and appropriateness of having the matter proceed as in the class action context.

///

Dated May 23, 2019

FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Counsel for Munchery, Inc.