**Entered on Docket**
**May 28, 2019**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: May 28, 2019**

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>MUNCHERY, INC.,<br><br>Debtor. | Case No. 19-30232 HLB<br><br>Chapter 11 |
| JOSHUA JAMES EATON PHILIPS and CHRISTINA BROOKS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MUNCHERY, INC.,<br><br>Defendant. | Adv. Proc. No. 19-03007 HLB |

**AMENDED TENTATIVE RULING ON MOTION TO DISMISS COMPLAINT**

This matter comes before the court on the motion (the "Motion"; Dkt. 13) of Debtor Defendant Munchery, Inc. ("Munchery") to dismiss the complaint (the "Complaint"; Dkt. 1) filed by Plaintiffs Joshua James Eaton Philips and Christina Brooks (collectively, the "Plaintiffs"). Plaintiffs have opposed the Motion (Dkt. 20), and Munchery has filed a reply in further support of the Motion. [Dkt. 24.][1] For the reasons that follow, the Court is inclined to **GRANT** the Motion.

[1] The court prematurely issued its Tentative Ruling on Motion to Dismiss (Dkt. 24) before Munchery had the opportunity to file its Reply in Support of Motion



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 1 of 13

## I. BACKGROUND

Munchery operated an online food delivery service based in San Francisco. [Complaint at ¶ 1.] Plaintiffs, along with approximately 250 other individuals (collectively, the "Employees"), worked for Munchery as part of this business. [Id.] On January 21, 2019, Munchery ceased operations and terminated the Employees without prior written notice. [Id.]

On January 25, 2019, Plaintiff Joshua Philips filed a class action complaint in the United States District Court for the Northern District of California (the "District Court"), styled Joshua James Eaton Philips, on behalf of himself and all others similarly situated v. Munchery, Inc., Case No. 3:19-cv:00469 (JSC) (the "District Court Action"). On February 11, 2019, Mr. Philips filed a First Amended Class Action Complaint (the "District Court Complaint") to add Christina Brooks as a named plaintiff. [Complaint at ¶ 2; Case No. 3:19-cv:00469, Dkt. 6.]

On February 28, 2019, Munchery filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this court, thereby staying the District Court Action. [Case No. 19-30232; Dkt. 1.]

On March 5, 2019, Plaintiffs filed the Complaint, in which they assert claims against Munchery under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101, *et seq.*, and California Labor Code §§ 1400, *et seq.* ("Cal-WARN Act" and, together with the WARN Act, the "WARN Acts"), based on Munchery's alleged failure to provide the Employees with 60 days' written notice prior to their termination, as required by the

---

to Dismiss ("Reply"; Dkt. 24). This Amended Tentative Ruling takes into account the arguments made by Munchery in its Reply.



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 2 of 13

WARN Acts. [Adv. Pro. No. 19-3007; Dkt. 1.][2] In particular, Plaintiffs are seeking to recover 60 days' wages and ERISA benefits on behalf of the Employees. [Complaint at ¶ 5.] The Complaint is substantially similar to the District Court Complaint. [Case No. 3:19-cv:00469, Dkt. 6.]

On April 30, Munchery filed the Motion, by which it sought to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules"), as applied here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for failure to state a claim upon which relief may be granted. Munchery asserts that Plaintiffs' claims cannot be asserted in an adversary proceeding, but must be pursued by filing proofs of claim.[3] Because Bankruptcy Rule 7001 does not authorize pursuit of Plaintiffs' pre-petition claims by way of adversary proceeding, Munchery insists the Complaint must be dismissed with prejudice.

In response, Plaintiffs argue that their claims seek equitable relief and may be pursued in an adversary proceeding pursuant to Bankruptcy Rule 7001(7). [Plaintiffs' Opposition to Defendant's Motion to Dismiss Complaint (the "Opposition"; Adv. Dkt. 20).] Moreover, they argue that resolving the claims in an adversary proceeding is more practical and efficient than resolving them through the claims process. Plaintiffs encourage this court to take a cue from numerous other bankruptcy courts and permit the matter to proceed.

---

[2] All subsequent references to docket entries in the above-referenced adversary proceeding shall be preceded by "Adv. Dkt."

[3] The deadline to file proofs of claim against Munchery's estate is July 8, 2019. [Case No. 19-30232, Dkt. 22.]



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 3 of 13

## II. STANDARD FOR DISMISSAL UNDER CIVIL RULE 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Civil Rule 12(b)(6),[4] a complaint must state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The facts in the complaint are liberally construed in favor of the plaintiff, and are generally accepted as true. Id. The complaint must, however, allege "more than a sheer possibility that a defendant has acted unlawfully." Id.

The notice pleading standard applied by federal courts requires a short and plain statement of the claims alleged. Diaz v. Int'l Longshoremen's & Warehousemen's Union, Local 13, 474 F.3d 1202, 1205 (9th Cir. 2007); Civil Rule 8(a); Bankruptcy Rule 7008. When a court reviews the sufficiency of a complaint, the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claims. Diaz, 474 at 1205. "In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007).

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court may, however, consider material submitted as part of the

---

[4] Civil Rule 12(b)(6) applies to this proceeding pursuant to Bankruptcy Rule 7012(b).



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 4 of 13

complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688–69 (9th Cir. 2001).

A complaint should not be dismissed under Civil Rule 12(b)(6) "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1998). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Nor must the court credit allegations contradicted by "matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Where a claim is dismissed under Civil Rule 12(b)(6), the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## III. BANKRUPTCY RULE 7001 AND CLAIMS UNDER THE WARN ACTS

Bankruptcy Rule 7001 lists the ten types of adversary proceedings that are governed by Part VII of the Bankruptcy Rules. Among those are proceedings "to recover money or property" (Bankruptcy Rule 7001(1)) and proceedings "to obtain an injunction or other equitable relief" (Bankruptcy Rule 7001(7)). Munchery argues that the Plaintiffs cannot assert their claims under Bankruptcy Rule 7001(1) because they are pre-petition



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 5 of 13

claims which must be asserted by filing a proof of claim.[5] The Plaintiffs, on the other hand, argue that they may pursue claims under the WARN Acts by way of an adversary proceeding under Bankruptcy Rule 7001(7) because those claims are equitable in nature.

Under the WARN Act, an "employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order" to each affected employee. 29 U.S.C. § 2102(a); see Cal. Labor Code § 1401 (requiring 60 days' notice to affect employees prior to "mass layoff, relocation, or termination"). An employer is covered by the WARN Act if it employs 100 or more employees, and is covered by the Cal-WARN Act if it employs 75 or more employees. 29 U.S.C. § 2101(a)(1); Cal. Labor Code § 1400(a). Subject to certain limitations and defenses, where an employer fails to provide the required notice, such employer is liable to each affected employee for back pay and benefits for each day of violation, up to a maximum of 60 days. 29 U.S.C. § 2104(a); Cal. Labor Code § 1402(a) & (b).

Several bankruptcy courts have concluded that WARN Act claims may be pursued in adversary proceedings under Bankruptcy Rule 7001(7). See, e.g., Burgio v. Protected Vehicles, Inc. (In re Protected Vehicles, Inc.), 392 B.R. 633, 637-41 (Bankr. D.S.C. 2008); Watson v. TSC Global LLC (In re TSC Global LLC), Adv. Proc. No. 12-50119, 2013 Bankr. LEXIS 3213 at *10-12, 2013 WL

---

[5] Munchery does not argue that Plaintiffs have failed to state claims. [Motion at p. 4; Opposition at p. 4.] Rather, Munchery has argued that relief with respect to the claims cannot be afforded in the context of an adversary proceeding. [Motion at p. 4.] As such, the court finds that the Motion is properly brought pursuant to Civil Rule 12(b)(6).



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 6 of 13

6502168, at *3-4 (Bankr. D. Del. June 26, 2013); Conn v. Dewey & LeBoeuf LLP (In re Dewey & LeBoeuf LLP), 487 B.R. 169, 176 (Bankr. S.D.N.Y. 2013); Cain v. Inacom Corp., Adv. Proc. No. 00-1724, 2001 Bankr. LEXIS 1299 at *5, 2001 WL 1819997, at *1-2 (Bankr. D. Del. Sept. 26, 2001).

The Ninth Circuit Court of Appeals, however, has construed the back-pay remedy available under the WARN Act as "a make-whole compensatory remedy," intended to "compensate employees for the money they would have earned but for the premature closure in violation of the WARN Act." Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1159 (9th Cir. 2000). Thus, in this circuit, the relief available under the WARN Act is considered legal, rather than equitable, in nature. See Carlberg v. Guam Indus. Servs., Civil Case No. 14-00002, 2017 U.S. Dist. LEXIS 164619, at *25 and *29-30, 2017 WL 4381667, at *7 & *9 (D. Guam Sept. 30, 2017) (discussing Las Vegas Sands ruling and observing that "[c]ompensatory damages are, of course, a classic legal remedy, suggesting the Las Vegas Sands court may well have understood the WARN Act remedy as legal"); Simonyan v. Countrywide Fin. Corp., CV 10-2455 AHM (VBKx), 2011 U.S. Dist. LEXIS 158594, at *31-32, 2011 WL 12611772, at *11 (C.D. Cal. Jan, 26, 2011) (finding plaintiff could not seek WARN Act damages under California's unfair competition law as the damages available thereunder were limited to injunctive relief and restitution, whereas WARN Act damages were compensatory (citing Las Vegas Sands)); Braden v. LSI Logic Corp., 340 F. Supp. 2d 1066, 1072 (N.D. Cal. 2004) (describing back pay provision of the WARN ACT as a compensatory remedy (citing Las Vegas Sands)).



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 7 of 13

In light of the Ninth Circuit’s holding in Las Vegas Sands, the Plaintiffs’ claims under the WARN Acts cannot be pursued by way of adversary proceeding under Bankruptcy Rule 7001(7). The question then becomes whether an adversary proceeding under Bankruptcy Rule 7001(1) is the proper vehicle.

No one disputes that the Plaintiffs’ claims arose pre-petition. The allegations contained in the Complaint and in the District Court Complaint, which was filed pre-petition, are virtually identical. Plaintiffs have sought priority treatment for the claims under Bankruptcy Code sections 507(a)(4) and (a)(5), which pertain to pre-petition wage and benefit claims. [Complaint at pp. 11-12.]

It is well recognized that “[Bankruptcy] Rule 7001 is not an invitation to sue the debtor on a cause of action which, if brought in state court, would be a blatant violation of the automatic stay.” Sears, Roebuck and Co. v. Penney (In re Penney), 76 B.R. 160, 161 (Bankr. N.D. Cal. 1987); see Burgio, 392 B.R. at 641 (“Fed. R. Bankr. P. 7001(1), relating to adversaries that seek the recovery of money or property, has long been limited to recoveries that could not be established through the proof of claim process”); In re Ephedra Prods. Liab. Litig., 329 B.R. 1, 7 (S.D.N.Y. 2005) ("[i]n bankruptcy, the only appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim and not through an adversary proceeding") (citation omitted)); 10 Collier on Bankruptcy ¶ 7001.02 (16th ed.) (“an adversary proceeding may not be used as a substitute for a proof of claim”).



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 8 of 13

Although it would not be a violation of the automatic stay to commence an adversary proceeding against a debtor in bankruptcy court on a pre-petition claim, doing so may be "procedurally improper" and may result in dismissal of the proceeding. Prewitt v. N. Coast Vill., Ltd. (In re N. Coast Vill., Ltd.), 135 B.R. 641, 644 (B.A.P. 9th Cir. 1991) (citing Penney, 76 B.R. at 160);[6] see Maxwell Real Estate Inv., LLC v. Liberty Asset Mgmt. Corp. (In re Liberty Asset Mgmt. Corp.), 2017 Bankr. LEXIS 758, at *13-14, 2017 WL 1100586, at *5 (B.A.P. 9th Cir. Mar. 21, 2017) ("[o]rdinarily, creditors assert prepetition claims by filing proofs of claim, not complaints or counterclaims in adversary proceedings").

Plaintiffs do not suggest that they and the other Employees cannot (and should not) file proofs of claim with respect to their alleged damages under the WARN Acts. Rather, they argue that practical considerations warrant resolving their claims via an adversary proceeding rather than through the claims process. [Opposition at pp. 7-13.] Numerous bankruptcy courts have declined to dismiss WARN Act class actions by relying on practical considerations and finding a class action adversary proceeding to be a more efficient and superior means of resolving the claims. See, e.g., Burgio, 392 B.R. at 642; Matthews v. Truland Group, Inc. (In re Truland Group, Inc.), 520 B.R. 197,

---

[6] Despite citing N. Coast Vill. for another proposition in the Motion (Motion at p. 5), Munchery reserved its right to argue that the filing of the Complaint constituted a violation of the automatic stay. [Motion at p.4 n.3.] This reservation is meaningless, as it is well settled in the Ninth Circuit that "[t]he automatic stay does not apply to proceedings initiated against the debtor if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceedings are pending." Snavely v. Miller (In re Miller), 397 F.3d 726, 730 (9th Cir. 2005); see N. Coast Vill, 135 B.R. at 644.



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 9 of 13

207-08 (Bankr. E.D. Va. 2014); Kettell v. Bill Heard Enters. (Matter of Bill Heard Enters.), 400 B.R. 795, 801 (Bankr. N.D. Ala. 2009); Johnson v. First NLC Fin. Servs., LLC (In re First NLC Fin. Servs., LLC), 410 B.R. 726, 730 (Bankr. S.D. Fla. 2008); Grady v. Quantegy, Inc. (In re Quantegy, Inc.), 343 B.R. 689, 693 (Bankr. M.D. Ala. 2006); Cain, 2001 Bankr. LEXIS 1299, at *7; 2001 WL 1819997, at *2.

The court acknowledges that there appear to be practical benefits associated with resolving Plaintiffs' claims as a class action adversary proceeding. Permitting this adversary proceeding to proceed will ensure that the claims of approximately 250 Employees will be promptly resolved.[7] In contrast, the bar date does not run until July 8, 2019, and Munchery does not appear interested in resolving these claims anytime soon. Indeed, in the Motion, Munchery requests alternative relief in the form of a stay of this proceeding to the extent it is not dismissed. [Motion at p. 6.] In its Reply, Munchery attempts to clarify that staying the proceeding until

---

[7] Munchery does not take a position as to whether Plaintiffs' claims are suitable for class treatment, but argues that they have not followed the proper procedure for making such determination, suggesting that they are required to file a motion pursuant to Bankruptcy Rule 9014 to authorize application of Bankruptcy Rule 7023. [Motion at p. 5.] This argument is both facially incorrect and speaks to the practical considerations raised by Plaintiffs. Bankruptcy Rule 7023 expressly makes Civil Rule 23 applicable to adversary proceedings. Accordingly, if this Motion were not granted, Plaintiffs could seek class certification under Civil Rule 23(c) without filing a motion to authorize application of such rule. On the other hand, if Plaintiffs and their fellow Employees sought to have their claims resolved on a class basis, they would have to wait until an objection was filed and a contested proceeding commenced. Then, they would be required to file a motion pursuant to Bankruptcy Rule 9014(c) to authorize application of Bankruptcy Rule 7023 to the contested proceeding. See In re Sequoia Senior Solutions, Inc., No. 16-11036, 2017 Bankr. LEXIS 1606, *4, 2017 WL 2533345, at *2 (Bankr. N.D. Cal. June 9, 2017) (citing In re Charter Co., 876 F.2d 866, 874 (11th Cir. 1989)). This process would just add further delay. See First NLC, 410 B.R. at 730.

after passage of the bar date would permit the court and the parties to better evaluate the appropriateness of the class action mechanism as opposed to the typical claims process. [Reply at p. 4.] The court does not consider this a valid reason for staying resolution of the merits of Plaintiffs' claims and perceives of no other valid reason for doing so.

The court further acknowledges that resolving Plaintiffs' claims in this adversary proceeding would not place them ahead of any other claims, as Munchery suggests.[8] [Motion at p. 5.] Rather, resolving the claims would do just that – resolve and liquidate them for purposes of this bankruptcy proceeding, thereby allowing Munchery to properly account for such claims in any plan of reorganization or liquidation it ultimately proposes.

But none of this changes the fact that an adversary proceeding is not the appropriate procedure for resolving pre-petition claims. See Penney and Burgio, infra.

Pursuant to Bankruptcy Code § 105(a), the court has the inherent authority to *sua sponte* lift the automatic stay. 11 U.S.C. § 105(a); see Swift v. Bellucci (In re Belluci), 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990) ("bankruptcy courts may lift the automatic stay sua sponte"). Accordingly, the court is inclined to exercise that authority and lift the automatic stay to permit the District Court Action to proceed. Once the Plaintiffs' claims are resolved by judgment or settlement in the District

[8] In its Reply, Munchery suggests that it only made its argument that Plaintiffs were attempting to "get the jump on other creditors" in the context of its request for alternative relief of a stay of the proceeding. [Reply at p. 4.] However, Munchery took this position in the context of its primary argument in the Motion, arguing that "Plaintiffs' Complaint improperly seeks to bypass the claims submission process to push the class members' claims ahead of other creditors." [Motion at p. 5.]



Case: 19-03007 Doc# 26 Filed: 05/28/19 Entered: 05/28/19 16:52:56 Page 11 of 13

Court, the parties can come back to this court to determine the appropriate classification and treatment of those claims.

In its Reply, Munchery acknowledges that the court has the authority to lift the stay, but suggests that doing so in this instance is counterintuitive because Plaintiffs did not seek relief from stay, but instead commenced this adversary proceeding. [Reply at p. 4.] What this argument ignores is the simple fact that Plaintiffs' claims will need to be resolved. Because an adversary proceeding in this court is not the appropriate means of resolving the claims, lifting the stay to permit the claims to be resolved by the District Court presents a practical means of having the claims resolved without unnecessary delay.

## IV. CONCLUSION

For the foregoing reasons, the Court is inclined to **GRANT** the Motion and lift the automatic stay to permit the District Court Action to proceed to final judgment or settlement. The Court invites the parties to e-mail Courtroom Deputy Benjamin Gapuz (benjamin_gapuz@canb.uscourts.gov) to indicate whether they accept the tentative ruling. If both parties accept the tentative ruling, the Court will enter an order consistent with this tentative ruling and vacate the May 30, 2019 hearing on the Motion.

****END OF ORDER****

**Court Service List**

[None]